ROYCE W. GILBERT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LINWOOD C. CHASE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 45837, 45838. Promulgated January 19, 1931.

*Howard W. Brown*, *Esq.*, for the petitioners.
*Bruce A. Low*, *Esq.*, for the respondent.

1246

OPINION.

TRAMMELL: The respondent has denied the petitioners the deduction under section 214 of the amount of the loss sustained by the partnership upon the sale of the shares of stock of the Bay State

Road Co., but has allowed it as a capital loss within the meaning of section 208 of the Revenue Act of 1926. This section of the statute provides, in part, as follows:

(a) For the purposes of this title—

*   *   *   *   *   *   *

(2) The term "capital loss" means deductible loss resulting from the sale or exchange of capital assets;

*   *   *   *   *   *   *

(8) The term "capital assets" means property held by the taxpayer for more than two years (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale in the course of his trade or business. *   *   *

It is admitted that the shares of stock in question were held by the partnership for more than two years, but the petitioners contend that the stock was held primarily for sale in the course of business and is therefore excluded from " capital assets " under the definition given in the statute.

We do not think however that this stock was held for sale by the petitioners *in the course of their trade or business.* In order to be excluded from " capital assets " the stock must not only be held for sale, but held for sale in the course of petitioners' trade or business. The petitioners' trade or business was that of engineering and contracting, not the purchase and sale of stock. In the course of that business they did not hold the stock for sale. Property held by a taxpayer for more than two years whether or not connected with his trade or business is under the statute " capital assets," but only if it is held " primarily for sale in the course of his trade or business " is it excluded. We think that the above quoted language from the statute refers to property which might be called stock in trade or what is being sold in the course of the business being carried on and not to other kinds of property.

Since the stock comes within the general provision as to " capital assets " and is not excluded by either of the subsequent provisions as to what shall not be included therein it is our opinion that the stock in question constituted " capital assets " and that the capital gain or loss provisions are applicable.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

---

SMITH, dissenting: The only question presented by these proceedings is whether the shares of stock sold in 1926 by the partnership of Chase & Gilbert, of which the petitioners were members, which

had been held by the partnership for a period of more than two years, were held by the partnership " primarily for sale in the course of " its " trade or business." The evidence shows that the stock was acquired by the partnership as an incident to its trade or business; that it was received in payment for regular fees at par; that the purchase of 79 shares in 1924 was for the purpose of tiding over the corporation for a short period and was made only to protect the partnership's investment that the shares of stock were for sale from the time that they were acquired; that there was no public market for the shares; that the partners made every effort to sell them at private sale and up to July 1, 1925, had succeeded in selling 114 shares at par, and 50 shares at $90 per share; that in 1926 the partnership sold its remaining shares at a sacrifice because, as testified by Gilbert, " we were forced to realize what cash we could."

Since the shares of stock in question were acquired by the partnership as an incident to its business and since it made every reasonable effort to sell them at the earliest date possible I think that they were not " capital assets " within the meaning of the statute.

Lansdon and Seawell agree with this dissent.